JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS ASSD., INC., ET AL. *v.* UNITED STATES

No. 5881.—Invoices dated Buenos Aires, Argentina, June 23, 1938, etc.
Entered at New York, N. Y., July 27, 1938, etc.
Entry No. 2138, etc.

### Second Division, Appellate Term

(Decided June 15, 1943)

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* and *Hadley S. King* of counsel) for the appellants.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the appellee.

Before TILSON, KINCHELOE, and KEEFE, Judges

TILSON, Judge: This is an application for review of the decision of the trial court dismissing the appeals listed in schedules A and B, hereto attached and made a part hereof, upon the ground that the plaintiffs had failed to offer any proof tending to establish any value for the merchandise other than the appraised values.

In view of the conclusion which we have reached, it is not necessary for us to consider the merits of this case at this time. In the majority of the cases before us the appraisement took place after the effective date of the Customs Administrative Act of 1938, and are, therefore, subject to its provisions. In those appeals wherein the appraisement was made prior to the effective date of said administrative act, while not subject to the provisions of said act, we nevertheless now feel there should be a value found for the merchandise, in accordance with the terms of section 501 of the act of 1930.

The administrative act referred to provides in part as follows:

(b) Section 501 of the Tariff Act of 1930 (U. S. C., 1934 edition, title 19, sec. 1501) is hereby amended by striking out the fourth sentence of the first paragraph thereof and inserting in lieu thereof the following: "Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence

in the entry record and that adduced at the hearing."; and such section 501 is further amended by designating the present two paragraphs thereof as subsections (a) and (b), respectively, and by adding after such subsections a new subsection (c) to read as follows:

"(c) If upon the hearing of a protest, the United States Customs Court shall declare an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise in the manner provided for by this section. In such proceeding no presumption of correctness shall attach to the invoice or entered values."

The pertinent part of section 501 of the Tariff Act of 1930, which applies to those appeals herein which were filed prior to the amendment thereof, reads as follows:

\* \* \*. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall, after affording the parties an opportunity to be heard, *determine the value of the merchandise.* [Italics ours.]

Section 402 of the act of 1930 provides in part as follows:

(a) BASIS.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

(2) If the appraiser determines that neither the foreign value nor the export value can be satisfactorily ascertained, then the United States value;

(3) If the appraiser determines that neither the foreign value, the export value, nor the United States value can be satisfactorily ascertained, then the cost of production;

(4) In the case of an article with respect to which there is in effect under section 336 a rate of duty based upon the American selling price of a domestic article, then the American selling price of such article.

Section 500 of the act of 1930 provides in part as follows:

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

It is clear from a reading of the foregoing quoted excerpt from section 402 that "the value of imported merchandise shall be" the foreign value, the export value, the United States value, the cost of production, or the American selling price. In our view it is just as much a part of the duty of the appraiser under the law in finding the value of imported merchandise to indicate on the official papers before him the basis of the value of imported merchandise as it is for him to place upon the official papers the figures which he ascertains or estimates to be the value of the merchandise. If it were otherwise it would appear that section 402 of the act of 1930 is entirely meaningless. Certainly

the Congress never intended that the appraiser should ascertain or estimate the value of imported merchandise and never reveal to any one what that estimation or ascertainment was. Neither did the Congress intend that the appraiser should keep it a secret and never reveal to any one the basis of his appraisement. In such instances his actions would be completely useless and meaningless to all, and would be of no more value to any one than if he had never determined the basis of his appraisement and had never ascertained or estimated the value of the merchandise.

We have examined the Customs Regulations of 1937 and find the following as a subparagraph of article 776:

(t) When the appraised value of the merchandise exceeds the entered value the method used in determining the value as provided in section 402 of the Tariff Act of 1930 shall be indicated by the following symbols:
F. M. V.—Foreign market value.
Ex. V.—Export value.
U. S. V.—U. S. value.
C. P.—Cost of production.
A. S. P.—American selling price.

Particular attention is called to the words in the above-quoted regulation, "* * * the method used in determining the value as provided in section 402 of the Tariff Act of 1930 * * *." The above appears to be a clear recognition on the part of the Treasury Department that section 402 of the Tariff Act of 1930 requires the appraiser, in ascertaining or estimating the value of imported merchandise, to state or indicate whether such value was foreign, export, or United States value, cost of production, or American selling price, which is entirely in accord with our views on this question. However, article 776 of the Customs Regulations of 1937 was amended in T. D. 50251, subparagraph (t) thereof reading as follows:

(t) In any case where a report or statement is made by an appraising officer on the face of an invoice relative to value, damage, shortage, excess, articles not legally marked, prohibited articles, or any other matter, such report or statement should be initialed by the officer concerned.

So far as this amended regulation instructs appraising officers to place their initials after any report or statement which they may make upon an invoice it is commendable and accomplishes a worthy end. It is not perceived how any one could object to marks upon an invoice which would indicate or identify the appraising officer who made a report or statement upon an invoice. There is nothing in said amended regulation which forbids the appraising officer from complying with the provisions of section 402 by indicating or showing on the invoice the basis of his appraisement, together with the actual figures which he ascertains or estimates to be the value of the imported merchandise.

However, the fact that said amended regulation does not require the appraising officer to indicate upon the invoice the basis of his ascertained or estimated value does not relieve the appraiser, or the appraising officer, from complying with section 402 by indicating upon the invoice or other official papers the basis of the actual figures which he ascertains or estimates to be the value of the merchandise, to wit: foreign, export, or United States value, cost of production, or American selling price. The basis of appraisement lies at the very threshold of any action taken by the appraising officer in ascertaining or estimating the value of imported merchandise. It is an integral and inseparable part of such action. In our opinion, it was never the intent of the Congress in enacting section 402 to permit the appraising officer to place a figure or set of figures upon the invoice or official papers, and then leave it to those who were bound by such figure or figures to guess whether such figure or figures represented foreign, export, or United States value, cost of production, or American selling price.

While we are not prepared to hold that an appraisement wherein the basis thereof does not appear is illegal, null and void, we must, and do hereby hold that such an appraisement is erroneous.

Considering the small amount of labor required to place upon the official papers the proper letters indicating the basis of appraisement, after the same has already been determined by the appraising officer, in comparison with the benefits which would flow therefrom, there would appear to be little, if any, excuse for not furnishing this information, even in the absence of a statute requiring it. If the amendment of subparagraph (t) of article 776 of the Customs Regulations of 1937 were intended to avoid furnishing such information, in violation of the appraisement statutes, such action contravenes the statute and is void. The statute requires this information, and the appraising officer must furnish the same or have his appraisement held erroneous and thereby invite himself to be called to testify before this court in each appraisement that is appealed.

As to the proper procedure in a case where the appeal has been dismissed, the value of the imported merchandise has not been legally determined by the appraiser and the trial court has been unable to find a value from the evidence before it, we find that this subject has been ably handled by Judge Keefe in his concurring opinion in *Mitsubishi Shoji Kaisha* v. *United States*, Reap. Dec. 4570, from which we quote the following:

\* \* \* . However, I am unable to concur with the judgment dismissing the appeal to reappraisement and thereby, in effect, establishing a value which the trial court had declared to be wholly erroneous. Having held the value found by the appraiser to be based upon a shoe which is not competitive, and in my opinion, therefore erroneous, it would appear to me that the trial court would still be confronted with a case in which the merchandise was before it for appraise-

ment and that the single judge cannot avoid his duty to find value by dismissing the appeal. If he is unable from the evidence before him to find a value that may be legally used as the basis of duty, he should redocket the case for further evidence.

The law is well established by decisions of this court and our appellate court as to the burden of proof necessary to establish the essential elements of value. Although I do not countenance the "piece-meal" trial of a lawsuit, nor carelessness upon the part of counsel in the presentation of their cases, I am of the opinion that in order to adhere to the statute in the finding of value, where the presumption of correctness of the appraiser's finding has been destroyed, it is our duty to exhaust all means to find value, even to restoring the case to the docket. Certainly had the trial court followed the action of the appraiser and found the value to be based upon the American selling price, we would have held such action reversible error. Are we now to re-establish that wrongful value by dismissal of the appeal? As I see it, when the basis upon which the value has been found by the appraiser has been established to be wholly erroneous, we still have the merchandise before us on which no legal dutiable value has been found. In such a situation we cannot escape our duty under the statute by dismissing the appeal and leaving the legal value undetermined, particularly when by restoring the case to the docket it is apparent that such a value exists and may be found.

Ever since the pronouncement of the doctrine of dismissal by our appellate court in appeals to reappraisement before a single judge and upon review by appellate divisions, we are constantly confronted with motions to dismiss appeals. The evident purpose in making these motions to dismiss is to create the technical effect of affirming the value found by the appraiser.

As I view the statute, when an appeal to reappraisement is properly before a single judge, he is directed by section 501 to determine the value of the merchandise. That direction is mandatory. It is not changed by the provision of the same section placing the burden of proof upon the party challenging the correctness of the appraiser's finding of value, commonly known as the presumption of correctness. If the challenging party fails to overcome the presumption of correctness of the appraiser's finding, it is the duty of the trial court so to state and find that value. While the same effect is obtained by a dismissal of the appeal it is not a finding of value according to the statute.

Congress enacted a simple process designed to enable importers to establish a value upon which merchandise may be appraised. In order further to simplify the proceedings it relaxed the rules of evidence and provided for the admission in evidence of pricelists, catalogs, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and certified copies of official documents. Because of the simplified procedure to enable the court to find value, it would seem to me that a motion to dismiss should be entertained only upon grounds of lack of jurisdiction because of defects in appeals. In all other situations the trial court should either find a value from the evidence before it or uphold the value found by the appraiser upon the ground of the presumption of correctness attaching to his finding thereof.

The language of section 501 is clear and unambiguous. There the trial court is directed to determine the value of the merchandise. The appellate division is directed to affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings. I cannot believe that the appellate court in making general assertions that the appeals might well have been dismissed had in mind that such motions should be entertained by the lower courts under the conditions existing in the case now before us, or that their statements would be construed as applicable to reappraisements in such a manner

that the statutory direction to find value under the provisions of the Tariff Act. of 1930 could be avoided by a dismissal of the appeal.

An examination of the cases so frequently cited as authority for the dismissal of appeals convinces me that the appellate court in none of these cases had a situation before it similar to that confronting us here. This troublesome question first appears in the case of *United States* v. *Vandegrift*, 16 Ct. Cust. Appls. 398, T. D. 43120. There, wool cloth samples were appraised upon the basis of the cost of production. The evidence established that there was neither a foreign, export nor United States value for such merchandise and it was further established that the appraiser, although having all the elements before him upon which the cost of production could be found, failed to find the cost of producing the samples. In its opinion the court stated as follows:

Under such circumstances the single justice might well have dismissed the appeal, upon the motion of either party or upon his own motion. In such event the case would have stood as if no appeal had been taken and the appraisement made by the local appraiser would again have become vital and effective.

Contrary to the foregoing statement, however, the court held that—

to the end that the parties may again present their cases in the light of the suggestions herein made by us, the judgment of the court below is reversed and the cause is remanded, with directions to remand the same to the single justice for a new trial.

Upon the remand the trial judge found that there was no evidence of foreign or export value, cost of production or United States value of the merchandise under consideration or of similar merchandise, and dismissed the appeals. The importers appealed therefrom to the appellate division which reversed the judgment of the lower court and held that the merchandise had no commercial value and, for that reason, had no dutiable value upon which duty might be assessed. From the division judgment the Government appealed. See *United States* v. *Vandegrift*, 18 C. C. P. A. 356, T. D. 44613. Upon appeal the court found that the evidence introduced by the importer was not sufficient from which to determine the foreign, export, or United States value, or the cost of production, and stated as follows:

It would seem to us, under this record, that the proper value for the appraiser to have found, in the absence of the existence of any other value, was the cost of production. The appraiser appraised the goods as was his right and duty. If the Government or the importer was dissatisfied with this value, they had the right to appeal to reappraisement and introduce evidence of a different statutory value. *Their failure to do so leaves in effect the appraisement made by the local appraiser.* [Italics not quoted.] *United States* v. *Vandegrift & Co., supra.*

The foregoing illustrates the difference between the *Vandegrift* case, *supra,* and the instant case before us. There the appraiser found the value of the goods, as was his right and duty, upon the basis of the cost of production in the absence of any other statutory value. Ample opportunity was afforded the importers to establish not only that there was another statutory value but that the cost of production found by the appraiser was not correct. The importer failed to establish any other value and also failed to prove that the cost of production found by the appraiser did not represent the actual cost of production. Consequently, it left the value found by the appraiser, to wit, the so-called cost of production, as the only lawful value before the court. The appraiser therefore rightfully was determining the legal value for that class of merchandise. If he erred in the price thereof, it must stand unless disproved. In the case now before us the appraiser found the American selling price of a competitive article under the provisions of section 336 upon which to base the duty applicable to the imported merchandise. The court finding that there was no competitive article clearly shows that the appraised value upon such a basis is wholly erroneous and the merchandise is in

the same position as though it never had been appraised. Under the law the court may not remand the case to the appraiser for a proper appraisement, but is required to find a value that may be used as the basis of duty. In the one case a legal appraisement had been made, although it might have been incorrect because of the failure of the appraiser to use the proper statutory method in finding the cost of production. In the instant case the appraiser erred in using an article that was not competitive nor similar to the imported article in fixing the American selling price, and also erred in adopting the price of such article as the value of the imported merchandise.

The *Vandegrift* decision was followed by other decisions of our appellate court, to wit: *Johnson* v. *United States*, 17 C. C. P. A. 107, T. D. 43432; *Meadows* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *Malhame*, 19 C. C. P. A. 164, T. D. 45276; *United States* v. *Downing*, 20 C. C. P. A. 251, T. D. 46057; and *Merck* v. *United States*, 20 C. C. P. A. 413, T. D. 46249, in all of which the subject of dismissal of appeals to reappraisement was discussed. In almost all of the cited cases, however, the real question before the court was the burden of proof or the importer's failure to establish not only that the value found by the appraiser was incorrect, but that the value claimed was the value of the merchandise. Even where the court expresses the opinion that the trial court might well have dismissed the appeals, I note that the appellate court in nearly every one of these cases, for one reason or another, remanded the cases to be remanded to the trial court for a new trial to determine the value of the merchandise.

\*    \*    \*    \*    \*    \*    \*

\*    \*    \*. However, where the appraiser has proceeded to find a value, proven to be erroneous because of fact or law, as in the case now before us, clearly such value cannot be found by the court to be the legal value of the merchandise, nor can the appraised value be legally established as the value of the merchandise by the dismissal of the appeal to reappraisement. In such circumstances, under the mandatory direction of the statute, section 501, it is the duty of the court to proceed to find a legal value for the merchandise. If all of the elements to be proven are not present in the record upon which to base a legal value, it is the duty of the court to require the importer to produce additional evidence to enable the court to obey the mandate of the statute and to render a judgment declaring the value which the collector may use as the basis of his liquidation.

The views of Judge Keefe, as expressed in the above quotation from his concurring opinion in the *Mitsubishi* case, *supra*, are clear, convincing, and appear to be sound and workable, except as to the last sentence in said quotation. We are not assuming that counsel for the importer or counsel for the Government would decline or refuse to comply with a suggestion or direction of the court to produce sufficient evidence to enable the court to perform its mandatory duty under the law, but in any event, the court, being entitled to sufficient evidence to enable it to find a value for the imported merchandise, has the power and authority to secure such evidence. We cannot hold that the Congress required this court to perform a specific act and then refused to clothe it with sufficient power and authority to perform that act. In the instant case the one thing the court needs to enable it to find a legal statutory value for the merchandise is to know the basis of appraisement, and to secure this information the court has the power and authority to call the appraiser, and, if need be, require the appraiser to give testimony concerning that matter.

With the exception stated above, we fully concur in the views expressed by Judge Keefe, quoted above, and adopt the same as our views herein.

Adverting to article 776 of the Customs Regulations of 1937, subparagraph (t), hereinbefore quoted, and which requires that the appraiser indicate the basis of his appraisement, we find from an examination of the record that in each of the appeals listed in said schedule A the appraisement was made during the effective date of said regulation. This regulation is reasonable and well within the purview and language of section 402, and therefore has the force and effect of law. The failure of the appraiser to comply with the terms of said regulations clearly renders the appraisement covered by these appeals erroneous, in that it fails to indicate the basis of appraisement.

We also find from the record before us that in five so-called appeals, listed in schedule B, hereto attached and made a part hereof, the appraiser has failed to make an appraisement of the merchandise. Why these papers were forwarded by the appraiser's office to the collector's office before the merchandise was appraised, and how the collector was able to determine the percentage of increase of the appraised value over the entered value when the appraiser had never estimated or ascertained the value of the imported merchandise are matters with which we are not here concerned. *Loudon* v. *United States*, Reap. Dec. 5731.

In fairness to all concerned, it should be stated that no suggestion was made to the trial court or to this Division that there had not been an appraisement of the merchandise in any of the cases before us. It is also true that some of the points discussed and decided herein were not raised by counsel for either party before the trial court or this Division, particular reference being had to the question of the failure of the appraising officer to indicate the basis of his appraisement, and the duty of this court to find a value for the merchandise, as directed in the statute, rather than dismiss the appeals. The question of whether this court should find a value for imported merchandise, or in certain instances, and under certain circumstances, should dismiss the appeal is vexatious, and has been occasioned to some extent by the rather general assertions by our appellate court to the effect that "the appeals might well have been dismissed." Our rather extended remarks in this regard are occasioned by reason of the importance of the question and our desire to see the same clarified and definitely settled.

Being of the opinion, as hereinbefore stated, that it is the duty of this court to find a value for the imported merchandise, and the trial court having dismissed the appeals instead of finding a value for the merchandise, the judgment of the trial court is accordingly reversed, and the appeals listed in said schedule A are hereby remanded to the

trial court for the purpose of finding a value for the merchandise covered thereby in accordance with the statute governing such cases and the views herein expressed.

The judgment of the trial court covering the so-called appeals listed in said schedule B is also reversed and the so-called appeals are remanded to the trial court with instructions to return the same to the collector for the purpose of having the merchandise appraised in accordance with law. Judgment will be rendered accordingly.