(A. R. D. 11)

T. W. HOLT & COMPANY *v.* UNITED STATES

Entry No. W-197.

Second Division, Appellate Term

(Decided December 11, 1952)

*John F. Kavanagh* for the appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Chauncey E. Wilowski* and *Daniel I. Auster*, special attorneys), for the appellee.

Before FORD, EKWALL, and JOHNSON, Judges

FORD, Judge: This application for review of the decision and judgment of the trial court (Reap. Dec. 8059) was filed under the provisions of title 28 U. S. C. § 2636 (a). The merchandise involved

consists of work gloves made of split cowhide exported from Cuba and entered at the port of West Palm Beach, Fla. There are two qualities of gloves involved, designated as No. 110 and No. 120. No. 110 was invoiced and entered at $7 per dozen pairs and appraised at $8 per dozen pairs. No. 120 was invoiced and entered at $8 per dozen pairs and appraised at $9 per dozen pairs.

The trial court stated that: "Nowhere in this record does the basis of the appraised value appear."

Attached to and forming a part of collective exhibit 2 is customs Form No. 6531, which contains the following: "Basis of appraisement: (F. V.)." However, the following statement by the trial court is quite correct:

* * * The appraiser made no disclosure of the basis used in his report of value, and he was not called as a witness to testify thereto.

Upon this phase of the case, we wish to quote the following from *Joseph Fischer et al.* v. *United States*, 11 Cust. Ct. 329, Reap. Dec. 5881:

* * * The basis of appraisement lies at the very threshold of any action taken by the appraising officer in ascertaining or estimating the value of imported merchandise. * * * In our opinion, it was never the intent of the Congress in enacting section 402 to permit the appraising officer to place a figure or set of figures upon the invoice or official papers, and then leave it to those who were bound by such figure or figures to guess whether such figure or figures represented foreign, export, or United States value, cost of production, or American selling price.

* * * * * * *

Considering the small amount of labor required to place upon the official papers the proper letters indicating the basis of appraisement, after the same has already been determined by the appraising officer, in comparison with the benefits which would flow therefrom, there would appear to be little, if any, excuse for not furnishing this information, even in the absence of a statute requiring it.* * *

During the course of the trial of this case and prior to its submission, counsel for appellant made a number of motions, among which was a motion to correct the record, a motion for a bill of particulars, and a motion to place this case upon the docket at some Florida port and provide a division of three judges to hear argument at such port. These motions were all passed upon and disposed of in due course and in regular order. We have given careful consideration to the disposition of each of these motions and find no error in the rulings thereon. Each of these rulings is, therefore, affirmed without entering upon a detailed discussion thereof in this opinion.

The appellant herein has filed 21 assignment of errors, but it is not deemed necessary to a proper disposition of this case to set these assignments out *in haec verba* herein and dispose of each one individually and separately. Assignment of error No. 12 is as follows:

In not finding and holding that prices obtained by the Plaintiff on sales he made in Cuba included a number of items not legally a part of market value,

such as a Cuban tax of 7.2; a sales agent's commission of 8%; a discount of 2%; money for stamps; etc., all of which when taken into consideration amounted to about 20% of such price; and actually made export values higher than the foreign values before taking off these non-dutiable integral parts.

With respect to the above assignment, it may be stated that there is no evidence before us that the Cuban tax of 7.2 is a nondutiable item; there is no evidence before us to show that the sales agent's commission of 8 per centum is a nondutiable item; there is no evidence in this record to show that the discount of 2 per centum is a nondutiable item. As to the "money for stamps; etc.," it is not clear to us how we could make an allowance for this item if it should be found to be a nondutiable item, since this record is barren of any showing as to the amount thereof. In the absence of proof that the items set out above are nondutiable items, this court cannot hold the same to be nondutiable items and deduct them from the foreign value in order to make that value less than the export value.

If actually the export values were higher than the foreign values before taking off these claimed nondutiable integral parts, it requires no proof to establish that when the foreign values are reduced by the amount of the items set out above the export values would be just that much higher than the foreign values. As a matter of fact, if, as contended by counsel for appellant, the export values are actually higher than the foreign values before taking off these claimed nondutiable integral parts, no reason appears why these items should be deducted from the foreign values in order to make the export values higher than the foreign values.

Counsel for appellant appears to have proceeded with the trial of this case upon the assumption that there was no presumption in favor of the action of the appraiser. Title 28 U. S. C. § 2633 provides that:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

The appellant, in order to overcome the presumption of correctness attaching to the values found by the appraiser must show (1) the foreign value, and (2) the export value, to the end that the higher may be taken as the dutiable value; or show (1) the foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057.

An examination of the record before us is convincing that appellant has failed to meet the burden placed upon it by the statute, set out above, and as outlined in the *Downing* case, *supra*. Under these circumstances, no course is left open to us except to deny to appellant herein any and all relief prayed for.

Upon a full consideration of the record before us, the briefs of the respective parties, and the authorities cited therein, we find as facts:

1. That the involved merchandise consists of split cowhide work gloves, designated as items No. 110 and No. 120, exported from Cuba and entered at the port of West Palm Beach, Fla.

2. That the involved gloves were entered, item No. 110, at $7 per dozen pairs, and appraised at $8 per dozen pairs, and item No. 120 was entered at $8 per dozen pairs and appraised at $9 per dozen pairs, on the basis of foreign value.

We conclude as matter of law that:

1. That the evidence offered by appellant is not sufficient to overcome the presumption attaching to the values for the merchandise found by the appraiser, or to establish any lower values for the merchandise than those found by the appraiser. The judgment of the trial court is, accordingly, affirmed. Judgment will be rendered accordingly.