JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS ASSD., INC., ET AL. v. UNITED STATES

**No. 5614.**—Invoices dated Buenos Aires, Argentina, June 23, 1938, etc. Entered at New York, N. Y., July 27, 1938, etc. Entry No. 2138, etc.

(Decided April 20, 1942)

*Barnes, Richardson & Colburn* (*Hadley S. King* and *Samuel M. Richardson* of counsel) for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

WALKER, Judge: These are appeals to reappraisement from findings of value made by the United States appraiser at the port of New York on green hides imported from various countries.

When the cases were called for trial they were, upon motion of counsel for the plaintiffs, consolidated, and were thereafter submitted for decision by said counsel on the record, which consists of the official papers, without the introduction of other evidence. Counsel for the Government moved to dismiss the cases for failure on the part of plaintiffs to adduce proof of any value.

In the brief filed on behalf of the plaintiffs the issue of the legality of the appraisements is raised, the basis of plaintiffs' claim in this regard apparently being that the appraiser failed to determine "the value of the merchandise in the proper unit of quantity at the time of exportation."

Taking the facts in the initial case, No. 127924–A, as representative of the situation obtaining in each of the cases before me, I observe that the entry covered two invoices of "frigorifico steer hides" imported from Argentina. The merchandise was invoiced at 55 Argentine paper pesos per 100 kilos, plus certain charges, and was entered at 60 Argentine paper pesos per 100 kilos, plus charges for tags and

travelling expenses. On the importer's statement of advance on entry to make market value, which is attached to invoice No. 1, there is a red-ink stamp "Appraiser adds for shrinkage after exportation 1.98968 per 100 kos." and on the statement attached to invoice No. 2 there is a similar stamp reading "Appraiser adds for shrinkage after exportation 1.98999 per 100 kos."

On behalf of the plaintiffs it is contended that the appraisement reported in this fashion was not a determination of the dutiable value of the merchandise in the country of exportation at the time of exportation, but rather an estimate by calculation of what the shrinkage in weight of the hides shipped was worth, and not a compliance with the law and customs regulations governing appraisement of imported merchandise.

It is manifest that the appraiser in making the additions to the entered values for shrinkage as aforesaid did so in compliance with article 781 of the Customs Regulations of 1937, which reads as follows:

Art. 781. Loss of weight—Increase in value.—When merchandise subject to an ad valorem rate of duty has decreased in weight by reason of evaporation or otherwise, and the value of the unit of quantity has correspondingly increased, the appraiser should appraise the merchandise in the condition in which imported and such appraisement shall not be deemed an advance in value for the purpose of assessing additional duty.

The reason behind the foregoing article is very clearly stated in the following paragraph from T. D. 23481, a ruling of the Assistant Secretary of the Treasury made in 1902, which is cited in the margin opposite article 781, *supra*, of the Customs Regulations of 1937:

It is the duty of appraising officers to appraise merchandise in the condition in which imported and not in the condition in which invoiced and shipped; for instance, so-called wet or green hides may be invoiced and shipped, but upon arrival they are found to have dried to some extent or shrunk during the voyage of importation, and, therefore, the appraiser has before him hides of a different character and admittedly of a greater unit value than the hides invoiced and shipped, and it is his duty to find the value in the foreign market on the date of shipment of the hides of the kind before him and not of the kind invoiced and shipped.

The law bearing on the subject is contained in section 500 (a) (1) of the Tariff Act of 1930, which describes the duty of the appraiser with respect to the appraisement of imported merchandise as follows:

To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding.

It is manifest that the unit of quantity adopted by the importer on entry and by the appraiser on appraisement as the unit in which hides of the character of those in issue were usually bought and sold

was 100 kilograms. It is equally manifest that to the entered value of 60 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses, the appraiser added on the first invoice 1.98968 Argentine paper pesos per 100 kilos, making an appraised value of 61.98968 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses, and added on the second invoice 1.98999 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses.

Plaintiffs complain that the method used in determining the appraised value, i. e., by adding to the entered value an amount for shrinkage, "is not a function of appraisement under the Tariff Act of 1930 or any of the preceding laws."

It is to be noted that in section 500 (a) (1) of the Tariff Act of 1930, *supra*, the appraiser is required to appraise the merchandise "by ascertaining or estimating the value thereof by all reasonable ways and means in his power." I cannot say as a matter of fact or law that such means of ascertaining or estimating the value of the merchandise as were used by the appraiser in these cases were not reasonable. On the contrary, it is, in fact, reasonable to suppose that the amount of moisture in hides bought and sold on the basis of weight would be a factor in determining their value in the country of exportation on any given date, and plaintiffs have offered nothing tending to indicate that the method of appraisement used herein would not result in the correct values as of the time of exportation of hides such as or similar to those imported within the meaning of section 402 of the Tariff Act of 1930.

In my view, therefore, it does not appear that there was any defect in the ascertainment of the value of the merchandise by the appraiser which would render the appraisements invalid, nor have they been shown to be erroneous in substance, but it does appear that an error in form was made by making the returns on the invoice in the form of the amount to be added to the entered value, rather than in the form of the amount of the appraised value. Article 776 (*h*) of the Customs Regulations of 1937, in force and effect at the time the merchandise herein was appraised, reads as follows:

**Art. 776. Returns by appraiser.**—Appraising officers will observe the following rules in making returns on invoices:

\*         \*         \*         \*         \*         \*         \*

(*h*) If the appraised value be not the same as the entered value, the appraiser's return on the face of the invoice should be a direct statement of his appraisement, *and not an expression of the differences between appraised and entered values.* [Italics added.]

It is clear that the appraiser in making his return in this case did the very thing he was directed not to do in the italicized portion of the regulation quoted above. This being the case, the question presented

is, was the appraisement, by reason of the return being made contrary to the provisions of article 776 (h), supra, void? I am decidedly of the opinion that it was not void. The regulation quoted did not have for its purpose the ascertainment of the value of the goods, but rather the reporting of the value ascertained. Compliance therewith, was, in my view, not one of the elements essential to a legal appraisement referred to in *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. 184, T. D. 47126. It was, of course, desirable that such regulation be followed in the interests of orderly procedure and for the information of those concerned, as pointed out by Judge Young of this court in *Quong Chong Hai Co.* v. *United States*, T. D. 41757, but failure so to do did not impair the validity of the appraisements.

Having found the appraisements herein to have been valid, and, as hereinbefore noted, plaintiffs having failed to offer any proof tending to establish any value for the merchandise other than the appraised values, the motion made by counsel for the defendant that the appeals be dismissed for lack of such proof is granted, and judgment will issue accordingly.