JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS ASSD., INC., ET AL. *v.* UNITED STATES

No. 6228.—Invoices dated Buenos Aires, Argentina, June 23, 1938, etc.
Certified June 23, 1938, etc.
Entered at New York, N. Y., July 27, 1938, etc.
Entry No. 2138, etc.

(Decided on remand [Abstract 49708] October 25, 1945)

*Barnes, Richardson & Colburn* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This case, involving 188 appeals for reappraisement, was originally decided by the late Judge Thomas J. Walker, his decision being reported in *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.* v. *United States,* 8 Cust. Ct. 678, Reap. Dec. 5614. The issue there before the court was as to the validity of the appraisements. The trial court held them to be valid, and dismissed the appeals for lack of proof tending to establish any values for the merchandise other than the appraised values.

Application for review was made to a division of three judges of this court, and in a decision reported in 11 Cust. Ct. 329, Reap. Dec. 5881, the judgment of the lower court was reversed, it being held as to 183 of the appeals that in view of the provisions of section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the trial court should have found the value of the merchandise instead of dismissing the appeals. As to the remaining five appeals, it appeared that the appraiser had failed to appraise the merchandise, and they were therefore remanded to the trial court with instructions to return the same to the collector for the purpose of having the merchandise appraised in accordance with the law.

Appeal was taken by the defendant from the judgment of the appellate division to the Court of Customs and Patent Appeals, the petition for review listing all 188 appeals for reappraisement, but no assignment of error touched upon the situation with respect to the five appeals last mentioned. The appellate court rendered a decision, reported in *United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.*, 32 C. C. P. A. 62, C. A. D. 286, holding as to 75 appeals (including the five appeals just mentioned) covering merchandise which, it was agreed by counsel, was appraised prior to the effective date of the Customs Administrative Act of 1938, amending section 501 of the Tariff Act of 1930, that the trial court properly dismissed those appeals for lack of proof, while as to the remaining 113 appeals, covering merchandise which was appraised subsequent to the effective date of the Customs Administrative Act, it was held that—

—it clearly was the duty of the trial court under the provisions of the statute, whether the appraisements were valid or invalid, although no evidence was submitted at the trial, to determine the value of the merchandise covered by those appraisements from " 'the evidence in the entry record'," as held by the appellate division of the Customs Court.

The Court of Customs and Patent Appeals transmitted its mandate to this court, upon the basis of which the appellate division made its judgment. Judge Walker in the meantime having died, the writer as presiding judge reassigned the cases to himself as trial court.

Taking up first, the matter of the 75 appeals in which it was said that appraisement had been made prior to the effective date of the Customs Administrative Act, I find, as did the appellate division, that in five of those appeals, to wit, those enumerated in schedule A attached hereto and made a part of this decision, the official papers indicate that—

—the appraiser has failed to make an appraisement of the merchandise.

Those appeals are therefore dismissed as premature, and the papers will be returned to the collector for the purpose of having the merchandise appraised in accordance with the law.

The 70 appeals enumerated in schedule B hereto attached and made a part of this decision, wherein appraisements were made prior to the effective date of the Customs Administrative Act of 1938, are, pursuant to the judgment of the appellate division, dismissed.

As to the remaining 113 appeals, enumerated in schedule C attached to and made a part of this decision, wherein appraisements were made subsequent to the effective date of the Customs Administrative Act of 1938, I find the proper values of the merchandise covered thereby to be the values found by the appraiser.

Judgment will issue accordingly.