JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS
ASSOCIATED, INC. *v.* UNITED STATES (No. 4632)[1]

[1] C. A. D. 452.

144

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for appellant.
*David N. Edelstein,* Assistant Attorney General (*Joseph F. Donohue,* special attorney, of counsel), for the United States.

[Oral argument February 6, 1951, by Mr. Schwartz and Mr. Donohue]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JOHNSON, judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, dismissing appellant's protests No. 128768–K to including No. 129022–K.

In its protests appellant claims the appraisement, reappraisement and liquidation of the entries are null and void upon the ground that there was insufficient designation and examination of the merchandise contrary to the provisions of section 499, Tariff Act of 1930; that the entries should have been liquidated upon the entered value and that the assessment of duties is illegal and void.

The imported merchandise consists of shipments of green calf and steer hides from Argentina, Australia, Austria, Brazil, China, Cuba, Czechoslovakia, England, France, Italy, New Zealand, Norway and Switzerland entered during the years 1936, 1937 and 1938 by Schmoll Fils Associated, Inc. In the Customs Court a motion was made for the substitution of Joseph Fischer, as Liquidating Agent of the importing company, for the original party. That motion was granted.

Appellant raises no question as to the classification of the involved merchandise but contends that the assessment at an ad valorem rate on the basis of the final appraised values, which exceeded the entered values, was illegal in that the appraisement upon which the liquidation was based was void because the collector failed to designate a sufficient number of packages of the merchandise for examination for the purpose of appraisement.

Section 499 of the Tariff Act of 1930, so far as pertinent here, provides that:

The Collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement * * *

Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated  *  *  *.

Counsel for both parties agreed that the entries now before us were involved in prior reappraisement proceedings which were prosecuted to this court in *United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.*, 32 C. C. P. A. (Customs) 62, C. A. D. 286, (being suit number 4459 in this court) which case on remand was decided and reported in 15 Cust. Ct. 446, Reap. Dec. 6228. The printed record in suit number 4459, *supra*, was received in evidence as illustrative exhibit "C."

In that case this court held that as to the 75 reappraisements covering merchandise which was appraised prior to the effective date of the Customs Administrative Act of 1938, the appraisements were valid, and as to those the trial court had properly dismissed the appeals for lack of proof of the proper dutiable value. The 1938 act provided that no appraisement should be considered void on the ground that the required number of packages or the required quantity of merchandise was not designated for examination. Included in the decision were the entries now before us. The trial court dismissed those 75 appeals on remand. The validity of those appraisements was the issue before the trial judge, the United States Customs Court, Second Division, and this court, and the validity of the appraiser's action was upheld. In suit 4459, *supra*, no issue was raised as to the sufficiency of the designation and examination of packages of the merchandise.

On the official papers in this case the only designations appearing are abbreviations for "Wharf," i. e., "Whf.," "W," "Wh.," "and "Wf."

In support of appellant's contention that the designations of "Wharf" by the abbreviations above mentioned, without any designation of the number of packages or quantities to be examined is insufficient, and that any appraisement under such circumstances is null and void, appellant cites several cases. Had the question here presented been raised in the appeal for reappraisement in suit number 4459, *supra*, no doubt appellant's contention would have been upheld. However, that question was not there raised although it could have been since the issue was not limited by anything in the pleadings and every contention of appellant countenanced by law was available to him. Counsel for the Government in their brief point out that in suit number 4459, *supra*, appellant argued that "There has been no valid appraisement of the merchandise herein."

The issue in suit number 4459, *supra*, was the legality of the appraisements here involved and in that case upon the issue raised they were held to be valid.

Appellee has made three motions to dismiss all the protests here involved for the following reasons:

1. *Res judicata*. Appellee contends that the question of the validity of the appraisements has been previously considered and determined by this court.

2. That appellant, having had two remedies available to test the legality of the appraisements, had proceeded under section 501, Tariff Act of 1930, and under the doctrine of election of remedies, was barred from presenting the same question again by protest under section 514 of the same act.

3. That written notices of the appraisements were mailed to appellant after July 25, 1938, the effective date of the Customs Administrative Act; that the appraisements did not become legal and effective until the date of written notice by the collector to the importer and that the Customs Administrative Act debarred the importer from challenging the validity of the appraisements on the grounds of insufficiency of examination.

Appellee also moved to dismiss 19 of the involved protests on the ground of estoppel.

It is the government's contention that the legality of the appraisements has been reviewed and sustained by a proper judicial tribunal; that the question here presented is *res judicata* and cannot be considered again through these protests.

At the trial of this case in the Customs Court before a single judge the following colloquy took place:

Mrs. Bennett. I wish to ask counsel for the plaintiff whether it is conceded that the entries now before the court were involved in prior reappraisement proceeding, of which the initial case was 127924–A, prosecuted to the Court of Customs & Patent Appeals as suit 4459, decided in C. A. D. 286, and on remand disposed of in Reappraisement Decision 6228?

Mr. King. It is so agreed.

In suit 4459, *supra,* this court, in holding the appraisements of the involved entries valid, stated as follows:

Counsel for the importers here contend that the appraisements by the local appraiser were invalid and void for the same reasons advanced before the trial court, that is, it is alleged, that the appraiser did not follow the mandatory provisions of the statutes relating to appraisements and the regulations referred to in the decision of the trial court, and also the regulations referred to in the decision of the appellate division of the Customs Court.

As hereinbefore stated, the only issue raised by appellee's assignments of error before the appellate division of the Customs Court was that because the appraiser in determining the dutiable value of the merchandise took into consideration shrinkage of the hides after exportation and before importation, his appraisements were null and void.

We are of opinion that, although the values returned by the local appraiser may not be correct, he had the authority to appraise the merchandise *in its condition* as imported in the unit of quantity in which such or similar merchandise is usually bought and sold in the country of exportation by estimating the shrinkage thereof from the time of exportation to the time of importation, if, by so doing, the dutiable values might be properly ascertained. We know of no statute or regula-

tion which prohibits such action on the part of the appraiser. Furthermore, there is nothing whatsoever in the record to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise. [Italics quoted.]

Appellant does not challenge the rule of *res judicata* but contends that rule does not apply in this case. It is appellant's contention that in suit 4459, *supra*, the issue raised was whether the method of appraisement rendered the appraisements invalid, while in the case at bar the question raised is whether the appraisement is void because of the failure of the collector to designate an adequate number of packages for examination as required by section 499 of the Tariff Act of 1930.

The record discloses that involved in suit 4459, *supra*, was an appeal by this appellant from the appraisement of the United States appraiser at the port of New York, seeking a reappraisement of the imported merchandise by a judge of the United States Customs Court. The pertinent part of the appeal reads:

Pursuant to the provisions of sec. 501 of the Tariff Act of 1930, we hereby appeal from the appraisement by the United States Appraiser to a reappraisement by a judge of the United States Customs Court.  *  *  *

The trial court stated the issue presented by appellant's brief as follows:

In the brief filed on behalf of the plaintiffs the issue of the legality of the appraisements is raised, the basis of plaintiffs' claim in this regard apparently being that the appraiser failed to determine "the value of the merchandise in the proper unit of quantity at the time of exportation."

In an appeal for reappraisement the law does not require any ground of appeal to be stated and none was stated in said appeal. There being no grounds of appeal stated and since the issue was not limited by anything in the pleadings presented to the Customs Court each and every ground of appeal countenanced by law was available to appellant and could have been presented and contended for by him.

Appellant submitted the case on the record. There was no other evidence offered. The trial court's opinion states:

Having found the appraisements herein to have been valid, and, as hereinbefore noted, plaintiffs having failed to offer any proof tending to establish any value for the merchandise other than the appraised values, the motion made by counsel for the defendant that the appeals be dismissed for lack of such proof is granted, and judgment will issue accordingly.

Appellant then filed an application for review and the case came before the United States Customs Court, Second Division, for review. One of the errors assigned reads as follows:

In failing to hold and decide that the purported appraisements herein were null and void.

The Customs Court reversed the judgment of the trial judge and in its opinion stated:

Being of the opinion, as hereinbefore stated, that it is the duty of this court to find a value for the imported merchandise, and the trial court having dismissed the appeals instead of finding a value for the merchandise, the judgment of the trial court is accordingly reversed. * * *

Thereafter the government appealed from the judgment of the Customs Court to this court (suit 4459, *supra*), appellant contending in this court that there had been no valid appraisement of the merchandise involved. In suit 4459, *supra*, we said:

The trial court held that the appraisements by the local appraiser were not invalid and void and were not erroneous * * * .

We also said:

As we understand its decision, the appellate division of the Customs Court held that the appraisements by the local appraiser, while erroneous, were not illegal and void.

In our decision we modified the judgment of the Customs Court. We reversed the judgment so far as it held that the trial court erred in dismissing the 75 reappraisement cases in which the merchandise had been appraised by the local appraiser prior to the effective date of the amendment of section 501 of the Tariff Act of 1930, and in all other respects affirmed the judgment and remanded the cause for further proceedings consistent with the views expressed in the opinion.

It will be noted that appellant at all times contended that the appraisements were illegal and void and the question of the legality of the appraisements was constantly in issue. Appellant predicated his contention that the appraisements were illegal and void on the ground that the appraiser had no authority to advance the unit value of the merchandise as he did. Appellant made no contention regarding the failure of the collector to designate a sufficient number of packages for examination and appraisement as required by section 499, *supra*.

Thus it will be seen that the issue here presented is whether a plea of *res judicata* is available when the same general contention (i. e. that the appraisements were invalid) is made in two separate actions but for distinct and different reasons.

A plea of prior judgment in a court proceeding between the same parties raising the same issue, for the same purpose, regarding the same subject matter, is a bar to further litigation. *Aspden* v. *Nixon*, 45 U. S. 466, 4 How. 467; *Miles* v. *Caldwell*, 69 U. S. (2 Wall.) 35; *Case* v. *Beauregard*, 101 U. S. 688; *Deposit Bank* v. *Frankfort*, 191 U. S. 499; *Wilson* v. *Deen*, 121 U. S. 525. And this is true not only as to every matter offered or received in the prior case, but as to any other admissible matter pertaining to the *issue* therein raised which, with reasonable diligence, *might have been* presented therein. *Beloit* v. *Morgan*, 74 U. S. (4 Wall.) 619; *Aurora* v. *West*, 74 U. S. (4 Wall.) 82; *Gould* v. *Evansville*, 91 U. S. 526; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610; *Sou. Pac. R. Co.* v. *United States*, 168 U. S. 1, 48; *Smith* v. *United States*, 1 Ct.

Cust. Appls. 489, T. D. 31527; *United States* v. *Moser*, 266 U. S. 236; *Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316; *Grubb* v. *Public Utilities Commission of Ohio et al.*, 281 U. S. 470; *Chicot County Dist.* v. *Bank*, 308 U. S. 371; *United States* v. *Edward M. Peons Co. of Kobe, Inc.*, 18 C. C. P. A. (Customs) 283, T. D. 44451.

In the case at bar the validity of the appraisements was litigated and decided in suit 4459, *supra*. The ground here advanced by appellant as affecting the validity of the appraisements, although not asserted or brought to the attention of the courts in suit 4459, *supra*, was available and could have been presented.

The governing rule was stated by the United States Supreme Court in *Case* v. *Beauregard, supra*, in the following language:

\* \* \* It must, therefore, be held that the decree dismissing that bill determined the equities of the case. And this must be so, whether the reasons for the dismissal were sound or not. That decree was affirmed in this court, and affirmed on the merits. We regarded the case and treated it as requiring an adjudication upon the complainant's equity ˙ \* \* \*. Nothing that can now be done in another suit can take away the legal effect of the decree. Even were we of opinion that the case was erroneously decided, it would still be *res judicata*, a bar to the complainant, a protection to the defendants. \* \* \*

Appellant cites several cases in which appeals for reappraisement were filed and after the appeals were decided adversely to the importer, protests were filed (and sustained) against the liquidation of the same entries upon the ground of insufficient designation or examination of packages. However in the cases cited the question of *res judicata* was not raised and was not considered by the court and therefore those cases decide nothing regarding the issue here presented.

Appellant urges upon us the case of *United States* v. *William Prym of America, Inc.*, 17 C. C. P. A. (Customs) 180, T. D. 43475 as analogous to the case at bar. In that case the importer attacked the validity of an appraisement and liquidation under the Antidumping Act of 1921, and the assessment of dumping duties on safety pins from Germany, upon the ground that the finding of dumping had been signed by an "Acting Assistant Secretary of the Treasury," and not the Secretary of the Treasury. Prior to the liquidation of the entry, the importer had filed an appeal for reappraisement, but had abandoned the appeal. After liquidation, the importer filed a protest against the liquidation. The Customs Court sustained the protest and directed the collector "to reliquidate", refunding all dumping duties. This court affirmed the decision, holding that the finding of dumping by a person having no authority to make the same, was void *ab initio*, and the assessment of dumping duties was illegal and void.

The Government contended, however, that even though the finding of dumping was void, and the dumping assessment invalid, the importer was "estopped from escaping payment of the additional duties

assessed thereon, because after appealing to reappraisement it abandoned the appeal and decision * * * was made and judgment rendered."

This court rejected that contention holding that since such jurisdiction as the reappraisement judge had assumed in rendering the judgment was based upon a finding which was void *ab initio*, the judgment itself was vitiated and it too was null and void.

It is our opinion that the foregoing case is not analogous to the one at bar. As the cases cited by appellant show, this court has repeatedly held the requirement of designation set forth in section 499 of the Tariff Act of 1930 is a mandatory one, and that failure to conform renders the appraisal null and void. Legislatures, courts and legal writers customarily use the word "void" to signify various shades of infirmity from absolutely and for all purposes void, a complete nullity incapable of ratification, to merely voidable. *State* v. *Richmond*, 26 N. H. 232, 237, 238. An act which is absolutely void is an act of no effect at all, a complete nullity, *ab initio*. *Denn, ex dem. Inskeep* v. *Lecony*, 1 N. J. Law 111, 112; *Wilson* v. *Alexander*, (Tex.) 50 S. W. (2d) 440, 442; *New York & L. I. Bridge Co.* v. *Smith*, 42 N. E. 1088, 148 N. Y. 540, 547. No judgment can preclude said act from being attacked thereafter in any judicial tribunal, in any other cause, at any time the question arises, because the act is incapable of being ratified or rendered valid. *United States* v. *Robinson*, 12 Ct. Cust. Appls. 145, T. D. 40062. Such an act is wholly without force or effect as to all persons and for all purposes and is incapable of being made otherwise. *State* v. *Richmond, supra*, at 237.

The action of the "Acting Assistant Secretary of the Treasury" in the *William Prym* case, *supra*, was an act of this character. It was characterized by this court as being an act by one having no authority conferred on him by Congress and therefore void *ab initio*. The following language of the Customs Court was cited with approval:

* * * the action of the appraiser and the single justice sitting in reappraisement were not voidable, but void *ab initio* as though they had never been made. [Italics quoted.]

In studying the cases cited by appellant as authority for the insufficiency of the designation, and the inapplicability of the doctrine of *res judicata*, we deem it significant that all of the decisions of this court held that insufficient designation rendered the appraisal null and void rather than void *ab initio*. The action of the collector in failing to designate the prescribed number of packages may be characterized as an act which he was empowered to perform but which he performed in an improper manner. As such his act differed substantially from that of the "Acting Assistant Secretary of the Treasury" in the *William Prym* case, *supra*, which was an act which the actor had absolutely no power to perform.

The word "void" is perhaps seldom, unless in a very clear case, to be regarded as implying a complete nullity, but is to be taken, in a legal sense, subject to large qualifications in view of all the circumstances calling for its application and the rights and interests to be affected in a given case. *Weeks* v. *Bridgman*, 159 U. S. 541, 547; *Ramsey* v. *Crevlin*, 254 F. 813, 817; *Brown* v. *Brown*, 50 N. H. 538, 552; *Kinney* v. *Lundy*, 89 P. 496, 498, 11 Ariz. 75, 80; *Way* v. *Root*, 140 N. W. 577, 579, 174 Mich. 418.

In our opinion it is manifest that the act of the collector in improperly designating the packages was not of the type which was void in the absolute sense, thereby rendering such act open to attack in any judicial tribunal, in any other cause, at any time the question arises. The act, being not void in that absolute sense, did not vitiate the jurisdiction of the court in the prior reappraisement case.

The parties in the instant case and in suit 4459, *supra*, are the same; the subject matter is the same; the same issue was raised in each case and the judgment of this court in suit 4459, *supra*, is a bar to further litigation regarding the involved appraisements and the Customs Court properly dismissed the protests because the judgment in suit 4459, *supra*, is *res judicata* here.

As the judgment of the Customs Court must be sustained there is no need to discuss the other questions involved.

For the reasons stated the judgment of the United States Customs Court, Third Division, is *affirmed*.

O'CONNELL, Judge, concurring in part and dissenting in part.

The Supreme Court of the United States, which has a broad supervisory power over the judgments of the lower federal courts,[1] has squarely held that those courts, including the Tax Court[2] and the Court of Customs Appeals,[3] shall embrace in their procedure the broad social principle of res judicata, which seeks to bring litigation to an end and promote certainty in legal relations.

Failure to enforce the doctrine by the two courts last named was described by the Supreme Court as "a fertile basis for litigious confusion."[2] However, there is no procedure available in those courts, such as a declaratory judgment, 28 U. S. C. 2201, designed to expedite and simplify the ascertainment of uncertain rights or duties with respect to federal assessments.[4]

There is no dispute in the case at bar that the prior suit between the parties involved the sole question, on an appeal to reappraisement, of the proper dutiable value of the entries in issue, and that the appeal was dismissed because of appellant's failure of proof; that the issue raised by the protest in the instant case nowise involves the dutiable

[1] *United States* v. *Munsingwear*, 340 U. S. 36, 39-41.
[2] *Commissioner* v. *Sunnen*, 333 U. S. 591.
[3] *United States* v. *Stone & Downer Company*, 274 U. S. 225.
[4] *The United States* v. *D. Lisner & Co., Inc.*, 38 C. C. P. A. (Customs) 79, reversing, Abstract 53840.

value of those entries, but involves the question of whether their liquidation by the collector was null and void.

The majority correctly holds that had the question here presented been raised in the prior suit, there is no doubt that appellant's contention would have been upheld.

Appellant at the trial of the instant case properly objected and took exception to the action of the Customs Court in permitting the Government to introduce into evidence the record in the prior reappraisement proceedings. Since the issue in the case at bar is not precisely the same as the issue in the prior proceeding, the Customs Court committed reversible error in receiving and considering the irrelevant evidence of the prior case. *United States* v. *Bosca, Reed, MacKinnon Co.*, 1937, 24 C. C. P. A. (Customs) 364, T. D. 48829; *id.* 25 C. C. P. A. (Customs) 42, T. D. 49040; *Wilbur-Ellis Co.* v. *United States*, 26 C. C. P. A. (Customs) 403, C. A. D. 47.

In the *Boone* cases which were recently before this court, the issues, the parties, and the merchandise were precisely the same in both the first and second cases. The doctrine of *res judicata* should have accordingly controlled the decision in the second case before this court. *United States* v. *Ralph Boone*, 38 C. C. P. A. (Customs) 89, C. A. D. 445, rendered February 6, 1951. No one familiar with customs law could brand the opinion of the late Chief Justice Taft as responsible for the decision of this court in the case last cited.

The regular rules of evidence were relaxed by Congress in the enactment of section 501 of the Tariff Act of 1930 so as to enable importers to establish a value upon which merchandise may be appraised or reappraised: "In finding such value affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence."

Assuming for the sake of argument that, as stated in the decision of the majority, every ground of appeal to reappraisement was available to appellant in the prior adjudication, there is no basis for the conclusion of the majority, that having failed in the original action to present the question here in issue, the importer is now barred by the rule of res judicata from raising that issue.

Tariff acts down through the years have been drawn to meet the needs of many major occupations and conditions, national and international. There are often various complex grounds in customs cases upon which neither the Government nor the importer can really determine the proper ground of recovery or assessment, except through the method of trial and error. The rules of practice which for years have governed the procedure in the Customs Court provide

for a hearing in advance of the trial of a case, so as to formulate, simplify, or add to the issues to be considered and determined at the trial.

It would have been a simple matter for the court below in the prior case to have there required the trial of the issue here presented. No such requirement was made either in the present litigation, or in any other litigation, so far as the record and briefs here disclose. However, irrespective of past administrative practice, customs laws, like the patent laws, should be so construed as to avoid multiplying litigation or producing unnecessary delay and expense to the parties concerned. *Allen* v. *Lowry,* 26 App. D. C. 8, affirmed, *Lowry* v. *Allen,* 203 U. S. 476.

In the original decision in the case of *United States* v. *Bosca, Reed, MacKinnon Co., supra,* the late Judge Hatfield, speaking for a unanimous court, properly stated:

"Commerce, industry, agriculture, finance, and the revenue of the Government depend to a considerable extent upon the proper adjudication of customs cases, and it should be remembered that the rules of practice, procedure, and evidence applicable in such cases may, from necessity, differ in many respects from those prevailing in courts of general jurisdiction. See *United States* v. *Stone & Downer Co.,* 274 U. S. 225, 235."

Judge Hatfield, on reargument of the same case, again pointed out for a second time, that where the subject matter, the parties, and the issues in both the original and subsequent cases *were precisely the same,* the doctrine of res judicata applied. The United States Court of Appeals for the District of Columbia, 1947, subsequently held in *Boston Wool Trade Assn. et al.* v. *Snyder,* 161 F. (2d) 648, 649, that:

Only if a reexamination of the initial decision were determined upon, *due to new considerations developed in a later case,* would the first importer become involved in another proceeding relating to the import. (Italics supplied.)

Res judicata involves the question of the jurisdiction of the court, which question is always before the court and may be acted upon by it, even though the question is not raised by either of the parties. *United States* v. *Bush & Co., Inc.,* 25 C. C. P. A. (Customs) 38, T. D. 49039; *Macleay Duff (Distillers)* v. *Frankfort Distillers, Inc.,* 29 C. C. P. A. (Patents) 1160, 129 F. (2d) 695, 54 USPQ 253. See also *United States* v. *Kraft Phenix Cheese Corp. et al.,* 26 C. C. P. A. (Customs) 224, C. A. D. 21. The final test of the existence of res judicata, as hereinafter disclosed, involves consideration of whether the second action is merely redundant litigation of the identical question presented in the prior action.

The classic definition of res judicata was thus stated in *Southern Pacific R. Co.* v. *United States,* 168 U. S. 1, 48–49:

> The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. * * *

Because of the public interest, and because of the application of their decisions to like situations in other cases, use of the principle of res judicata by the Tax Court and by the Court of Customs Appeals must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules in both cases remain unchanged. *Commissioner* v. *Sunnen*, 333 U. S. 597, 598. In that case the court also made the following explanation as to the recognized meaning and scope of res judicata, a doctrine judicial in origin:

> That in the absence of fraud or some other factor invalidating the judgment, the rule of *res judicata* applies to the effect that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for the purpose," citing *Cromwell* v. *County of Sac*, 94 U. S. 351, 352; Von Moschzisker, "Res Judicata," 38 Yale L. J. 299; Restatement of the Law of Judgments, §§ 47, 48.

The Supreme Court laid special emphasis, however, on the exception to the doctrine hereinbefore enunciated (333 U. S. 597, 598):

> But where the second action between the same parties is upon a different cause or demand, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Cromwell* v. *County of Sac, supra*, 353. And see *Russell* v. *Place*, 94 U. S. 606; *Southern Pacific R. Co.* v. *United States*, 168 U. S. 1, 48; *Mercoid Corp.* v. *Mid-Continent Co.*, 320 U. S. 661, 671. Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, *res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel. See Restatement of the Law of Judgments, §§ 68, 69, 70; Scott, "Collateral Estoppel by Judgement," 56 Harv. L. Rev. 1.

The further principle applies in all such cases that so long as the judgment in the first suit remains unmodified, the judgment is effective

as an estoppel on the points decided there, whether the judgment was right or wrong.[5]

The first suit involved in this proceeding was an action for reappraisement and the suit here in issue is an action to recover duties paid under protest. The subject matter in the former suit, as in all reappraisement cases, was the proper dutiable value of the merchandise, while in the present case, the subject matter in issue is the validity of the liquidation of the entries by the Collector of Customs. One called for a revision of the action of the appraiser; the other of the collector.

There is a basic distinction under the statute between the protest filed by the importer with the collector against his decision as to the rate and amount of duty assessed by him on an illegal appraisement in the classification of merchandise, and the notice of dissatisfaction with the appraisement filed by the importer leading to an appeal from the appraisement. That distinction was succinctly and effectively pointed out by the Circuit Court of Appeals, Second Circuit, in the following excerpt from the decision rendered on December 7, 1925, under the provisions of the Tariff Act of 1913 in the case of *United States* v. *Lian et al.*, 10 F. (2d) 41, 42:

Ever since the enactment and to the present time, an importer, in connection with his importations, could ask for reappraisement of his merchandise, if dissatisfied with the valuations and assessments thereon. He could appeal from the appraisement. If dissatisfied with the decision of the collector as to the rate and amount, he could file a protest to that decision. The two are quite distinct. In other words, the decision of the appraisers as to the value of merchandise is the subject of an appeal to reappraisement, and the decision of the collector as to the rate and the amount of duties chargeable is the subject of protest. * * *

The matter raised in the first suit admittedly is essentially different from the controlling facts and legal rules applicable in the second proceeding, which have never been passed upon. Therefore, the judgment of the United States Customs Court in the instant case, under the authorities hereinbefore cited, is erroneous and should be reversed. See also *United States* v. *William Prym of America, (Inc.)*, 17 C. C. P. A. (Customs) 180, T. D. 43475.

I wholly concur in the finding of the majority that the principle of res judicata is applicable, in the discretion of the United States Customs Court, and under its rules of practice, to matters relating to the application of the tariff act with respect to the classification and assessment of merchandise with duty. I wholly dissent, however, with the conclusion of the majority that res judicata is applicable to the situation presented by the record in the instant case.

Failure to understand the true significance and scope of the doctrine of res judicata led the majority in the recent case of *United*

[5] *Reed* v. *Allen*, 286 U. S. 191; *United States* v. *Munsingwear*, 340 U. S. 36.

156

*States* v. *Ralph Boone* [6] to promulgate and apply the following erroneous doctrine:

It is generally known by all familiar with customs litigation that the doctrine does not apply in cases involving classifications of imported merchandise. It has never been applied by this or any other court and we cannot see how it ever will be. That it should not be applied and the cogent reasons why it has no place in such customs litigation is set forth at length in the opinion of the late Chief Justice Taft in the case of *United States* v. *Stone & Downer Company*, 274 U. S. 225. What was set out there is still the law.

What was set out in the decision of the late Chief Justice Taft in the cited case nowise authorized or validated the heresy contained in the quoted statement. That fallacy is now necessarily and properly overruled by the decision of the majority in the instant case.

The conclusion that the customs court in the second trial of the instant case was not bound by the decision of the courts in the first suit is fortified by the fact that under the administrative practice in a number of custom cases, after appeals to reappraisement were decided adversely to the importer, protests were subsequently filed and sustained against the liquidation of the identical entries upon the ground of insufficient designation or examination of packages.[7]

The doctrine of res judicata has likewise been before this court recently on the patent side of our jurisdiction.[8] *Krasnow et al.* v. *Bender*, our latest holding on the question, was based on the decision in *Jeffrey Mfg. Co.* v. *Kingsland*, 77 USPQ 500, 77 F. Supp. 617, affirmed, 179 F. (2d) 35. Judge Holtzoff in his well written decision in the District Court there pointed out that under the usual application of the rule of res judicata, the prior judgment bars subsequent consideration not only of issues actually decided by the court but also of matters which could have been raised and decided.

Res judicata is not merely a rule of law, however, but also a rule which involves a doctrine of public policy, as the District Court held, and an exception to the general doctrine of res judicata exists under the patent laws to the effect that the allowance of the claims for a patent over the cited references in the prior action does not prevent the rejection of the same claims in a second action on the basis of additional references subsequently cited by the examiner after the court's decision in the first case, citing *Hoover Co.* v. *Coe*, 325 U. S. 79, 88.

Appellant in the instant case has further established by the citation

[6] *The United States* v. *Ralph Boone*, 38 C. C. P. A. (Customs) 89, C. A. D. 445, decision rendered February 6, 1951.
[7] *United States* v. *Jacob P. Steffan Sons*, 18 C. C. P. A. (Customs) 455, T. D. 44702; *C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943; *International Clearance Co.* v *United States*, 70 Treas. Dec. 353, T. D. 48544. See also *United States* v. *Beer*, 150 Fed. 566.
[8] *Winkelman* v. *Calvert*, 33 C. C. P. A. (Patents) 1206, 154 F. (2d) 1012, 69 USPQ 406; *Krasnow et al.* v. *Bender*, 36 C. C. P. A. (Patents) 723, 170 F. (2d) 560, 79 USPQ 78; *Alumatone Corporation* v. *Vita-Var Corporation*, 37 C. C. P. A. (Patents) 1151, 183 F. (2d) 612, 86 USPQ 359.

of competent authority that the court below erred in failing to hold and decide that the appraisements in each and every one of the entries involved herein were null and void *ab initio*, upon the ground that the mandatory requirements of section 499, Tariff Act of 1930, as to designation of merchandise by the collector for examination by the appraiser were not complied with; in holding and deciding that the appraisements involved herein were made after the effective date of the Customs Administrative Act of 1938; and in holding and deciding as to 19 of the protests that the appellant is estopped from asserting that the appraisements were made prior to the effective date of the Customs Administrative Act of 1938.

The application of the doctrine of res judicata has been a source of confusion in the exercise of our jurisdiction and the jurisdiction of the Customs Court. This is the first time, according to the brief of counsel for the Government, that the question here in issue has been presented. It is evident that the disposition which has been made of the case by the majority, if allowed to become final, will retard the orderly procedure in the trial and disposition of customs cases in the court below.

For the reasons hereinbefore stated, the judgment of the United States Customs Court should be reversed.

JACKSON, Judge, specially concurring.

I am in entire agreement with the majority opinion but I am convinced that certain portions of the dissenting opinion require some comment.

It may not be said with propriety that the majority of this court fails "to understand the true significance and scope of the doctrine of res judicata" without pointing out the reason, chapter and verse, as to why the writer of the dissenting opinion makes such a statement.

I cannot let pass unnoticed a statement in the dissenting opinion. The author quotes from the majority opinion in the case of *United States* v. *Ralph Boone*, 38 C. C. P. A. (Customs) 89, C. A. D. 445, and comments thereon as follows:

What was set out in the decision of the late Chief Justice Taft in the cited case [*United States* v. *Stone & Downer Co.*, 274 U. S. 225] nowise authorized or validated the heresy contained in the quoted statement.

That statement is a mere assertion made without regard to the facts and law applicable to that or the instant case.

No one familiar with customs law would brand as "heresy" that excerpt made from the *Boone* case, *supra*, which was rendered February 6, 1951, without at least pointing out wherein "heresy" resides.

We took pains to point out in our majority opinion in the *Boone* case, *supra*, that the doctrine of res judicata did not apply there nor in other similar cases involving the *classification* of imported mer-

chandise, and in support thereof, we cited the case of *United States* v. *Stone & Downer, supra.*

The late Chief Justice Taft in the *Stone & Downer* case, *supra*, was careful, in writing the opinion, to set out at great length the reasons why the plea of res judicata could not be sustained in that case, all of which reasoning applied directly to the situation confronting us in the *Boone* case, *supra.*

The majority opinion herein does not by any stretch of the imagination overrule the law approved in the majority decision of the *Boone* case, *supra.*

It must be remembered that the case of *United States* v. *Ralph Boone, supra*, is not the same as the case of *Ralph Boone* v. *United States*, 19 Cust. Ct. 62, C. D. 1068. The commodity in the former was not the imported commodity which was before the Customs Court in the latter mentioned *Boone* case. Furthermore, the latter mentioned *Boone* case was not appealed to this court. It must be further remembered that the *Boone* cases involved only the *classification* of merchandise whereas the instant case involves solely the *validity of the appraisement* of merchandise.

There are other fallacies in the dissenting opinion which undoubtedly will be observed by those familiar with customs law, but upon which I refrain from commenting since they do not, as do the matters particularly discussed herein, reflect upon the majority of the court.